IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JORGE BONILLA MESA, | ) | CASE NO. 4:17 CV 1685 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN STEVEN MERLAK, *et al.*, | ) | |
| | ) | **REPORT &** |
| Defendants. | ) | **RECOMMENDATION** |

# Introduction

Before me by referral[1] is the *pro se* petition of Jorge Bonilla Mesa for a writ of habeas corpus under 28 U.S.C. § 2241.[2] The government, responding for Warden Steven Merlak and the United States Immigration and Customs Enforcement ("ICE"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, has moved to dismiss the petition for failure to state a claim upon which relief may be granted.[3] Mesa has responded in opposition to the motion.[4] For the reasons that follow, I will recommend that the motion be granted and that the petition be dismissed.

# Facts

The facts relevant to adjudicating this motion are few, straightforward, and not in dispute. Mesa is a citizen of Cuba currently incarcerated at the Federal Correctional

---

[1]Non-document order entered September 29, 2017; ECF Nos. 12, 13.
[2]ECF No. 1.
[3]ECF No. 10.
[4]ECF No. 11.

Institution, Elkton in Lisbon, Ohio ("FCI Elkton").[5]  After his 2010 conviction and sentencing in federal court on multiple drug-related charges, ICE issued a detainer in 2014 notifying the Bureau of Prisons that Mesa was an alien subject to removal from the United States.[6]

In 2016, Mesa filed an administrative grievance asking the warden of FCI Elkton to transfer him to Florida.[7]  Relying on regulations of the Federal Bureau of Prisons, the warden determined that Mesa was ineligible for a transfer because of the ICE detainer.[8] Mesa unsuccessfully appealed that decision in the administrative channels.[9]

On August 11, 2017, Mesa filed this petition for a writ of habeas corpus.[10]  In his petition, Mesa argues that:

(1) the basis for the ICE detainer – that he is an alien subject to removal – is "inappropriate" because as a Cuban citizen he cannot be deported since "the United States does not deport anyone to Cuba";[11]

(2) he should "be considered" for a prison transfer because he has never had an incident report or disciplinary infraction while in prison;[12] and

(3) being held in his current facility, far from his 8-year-old son, constitutes "extraordinary treatment" that has produced an "atypical and significant

---

[5]ECF No. 1 at 1,5.
[6]ECF No. 10, Ex. 1 (declaration of Mark Gollon).
[7]ECF No. 10 at 2 (citing petition).
[8]ECF No. 1, Ex. 1 at 7-9.
[9]*Id.*
[10]ECF No. 1 at 2.
[11]*Id.* at 2, 4.
[12]*Id.*

2

>hardship on him in relation to the ordinary incidents of prison life," and so is a violation of due process.[13]

## Analysis

### A. Standard of review

In adjudicating a motion to dismiss for failure to state a claim upon which relief may be granted, the court is required to "accept all well-pleaded allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff."[14] Although the complaint need not contain "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[15] Thus, a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[16] In that regard, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17]

### B. Application of standard

#### 1. ICE detainer

The government asserts that because Mesa is not in custody of ICE, habeas relief is not available to challenge an ICE detainer.[18] As numerous federal cases hold, a prisoner

---

[13]*Id.* at 4 (internal quotation and citation omitted).
[14]*Dubay v. Wells*, 506 F.3d 422, 426 (6th Cir. 2007) (internal quotation and citation omitted).
[15]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[16]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted).
[17]*Id.*
[18]ECF No. 10 at 5.

serving a sentence for a criminal conviction is "in custody" of the prison for that offense and not because ICE has lodged a detainer against him with the prison.[19]  Here, Mesa is in custody of the Bureau of Prisons as a result of his 2010 conviction and not in ICE custody on immigration charges.[20]  Consequently, this Court has no jurisdiction over a habeas petition directed to ICE as the result of any detainer,[21] which "merely notifies prison officials that a decision regarding his deportation will be made by the INS at some future date."[22]

## 2. *Transfer/classification*

The United States Supreme Court has definitively held that a prisoner has no constitutional right to be housed in a particular prison or state.[23]  Moreover, "transfers and prison assignments are functions wholly within the discretion of the BOP."[24]

Further, prisoner classifications are matters delegated by Congress to the discretion of federal prison officials and thus implicate "no legitimate statutory or constitutional entitlement. . . ."[25]  Accordingly, a habeas petitioner who challenges his prison security classification fails to state a claim upon which relief may be granted.[26]

---

[19]*See id.* at 6, n.1 (citing cases).
[20]*Ramirez v. INS*, 30 Fed. App'x 510, 510 (6th Cir. 2002).
[21]*Id.*
[22]*Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988).
[23]*Olim v. Wakinekona*, 461 U.S. 238, 245 (1983).
[24]*Caderno v. Thoms*, 50 Fed. App'x 200, 201 (6th Cir. 2002) (citing *Olim*, 461 U.S. at 245).
[25]*Moody v. Dagget*, 429 U.S. 78, 88 n.9 (1976).
[26]*Ford v. Harvey*, 106 Fed. App'x 397, 399 (6th Cir. 2004) (citing *Montayne v. Haymes*, 427 U.S. 236, 242 (1976)).

In addition, courts have uniformly considered and rejected Mesa's specific argument that because the United States does not deport anyone to Cuba, it is a violation of due process or equal protection to classify him, a Cuban citizen, as a deportable alien.[27] The fact that he may not actually be deported "does not give rise to a constitutional claim"[28] and "is of no consequence."[29]

*3.  Extraordinary treatment/due process*

The United States Supreme Court has recognized that a prisoner may have a due process claim if an action of the BOP creates an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."[30] However, the mere fact that an inmate is incarcerated in a location at some distance from family such that visitations are difficult is not so unusual as to create a due process claim.

In *Reyes v. Holland*,[31] the federal district court in Kentucky rejected precisely the same argument advanced here by Mesa. There, the federal prisoner, who, like Mesa, was a deportable alien, requested a transfer from a prison in Kentucky to one in California so

---

[27]*Perez v. Lappin*, 672 F. Supp. 2d 35, 42-43 (D.D.C. 2009).
[28]*Ravelo v. Wagner*, No. 5:15-cv-5-DCB-MTP, 2016 WL 6811625, at *2 (S.D. Miss. Oct. 13, 2016).
[29]*Godoy v. Zickenfoose*, No. 11-3754 (NLH), 2012 WL 2594347, at *2 (D.N.J. July 5, 2012). Contrary to Mesa's assertion that he would never be removed to Cuba, the declaration of Mark Gollon, who is a supervisory Detention and Deportation officer at ICE, states that ICE will act to remove Mesa to Cuba at the end of his prison term, and that ICE has successfully removed criminal aliens to Cuba in the past. ECF No. 10, Ex. 1 at ¶¶ 8, 9.
[30]*Sandin v. Conner*, 515 U.S. 472, 484 (1995).
[31]*Reyes v. Holland*, No. 0:11-CV-00090-HRW, 2012 WL 639469 (E.D. Ky. Feb. 27, 2012).

as to be closer to his family.[32] The BOP denied the transfer request, citing the fact that, as here, the prisoner was a deportable alien.[33] The district court upheld the decision of the BOP, finding that although the prisoner was at a distance from his family, "the BOP's denial of his request [for a transfer did] not create an atypical and significant hardship in relation to the ordinary incidents of prison life."[34]

Mesa's situation is identical to that of the prisoner in *Reyes*. His request for a transfer on due process grounds should likewise be rejected for the same reasons articulated in that decision.

## Conclusion

For the reasons stated above, the motion[35] by defendants Warden Merlak and ICE to dismiss Mesa's petition for failing to state a claim upon which relief can be granted should be granted. If that recommendation is accepted, the petition itself[36] should be dismissed in its entirety with prejudice.

Dated: September 11, 2018                     s/ William H. Baughman, Jr.
                                              United States Magistrate Judge

---

[32]*Id.* at *1.
[33]*Id.*
[34]*Id.* at *3.
[35]ECF No. 10.
[36]ECF No. 1.

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[37]

---

[37]*See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).